UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHASE STRICKLAND,

        Plaintiff,        Case No. 1:10-cv-1119

v.        Hon. Robert J. Jonker

MICHIGAN SECRETARY OF STATE,
*et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil action brought by a *pro se* plaintiff Chase R. Strickland (sometimes referred to as Charles Strickland). This matter is now before the court on defendants' "Motion to dismiss, or alternatively, for summary judgment" (docket no. 40).

**I.**     **Discussion**

Plaintiff's claim is based upon an amended complaint which this court previously described as follows:

> This is a civil rights action brought by a *pro se* plaintiff. On November 15, 2010, the court allowed plaintiff to file the present action *in forma pauperis* pursuant to § 1915. However, the complaint was not served at that time because it was deficient, consisting of a single page with no allegations. Before the court addressed this deficiency in an order, plaintiff commenced filing multiple motions to amend the complaint and seeking other relief. On December 8, 2010, plaintiff submitted an amended complaint with a motion seeking "to replace the entire case with this 6 page document." *See* docket no. 13. The Clerk's Office docketed the amended complaint, presumably pursuant to Fed. R. Civ. P. 15(a)(1) (allowing a party to amend a pleading once as a matter of course). *See* docket no. 14. Accordingly, the court construes this amended complaint as plaintiff's pleading in this matter replacing his original complaint.
>
> The court has a duty to read a *pro se* plaintiff's amended complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d

1220, 1223-24 (6th Cir. 1987). The gist of plaintiff's claim raised in the amended complaint is that the State of Michigan revoked his driver's license "without due process" and has failed to reinstate his driving privileges for nine years. Amend. Compl. (docket no. 14 at p. 3). Plaintiff's amended complaint cites numerous provisions of the United States Constitution, the Michigan Constitution and "Fundamental Human Rights Laws." While most of the authorities cited by plaintiff appear unrelated to this action, it appears that plaintiff has alleged a cause of action under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment with respect to the revocation of his driver's license. *Dixon v. Love*, 431 U.S. 105, 112 (1977); *Bell v. Burson*, 402 U.S. 535, 539 (1971); *Denny v. Richardson*, 234 Fed. Appx. 862, 864-65 (10th Cir. 2007).

Order for Service (docket no. 37).

In this regard, plaintiff alleged a Due Process claim as follows:

The Secretary of State has taken away my liberties and freedoms that most people in the world take for granted, illegally, without due process of law for an additional 9 years of my life. Not one time out of the 5 times I went to the "Appeal Division" to ask for my driving privileges to be restore [sic], was it within the conditions that constitute "Due Process of Law." After the 5th time of them telling me "No Freedom for You," I asked the State Court and they called the United States Constitution "Frivolous." That is why I immediately filed a Civil Law Suit in the Halls of Justice, with the United States District Court.

Amend Compl. at p. 3.[1]

In accordance with this construction of the amended complaint, the court directed the Clerk's Office to arrange for service of the summons and the amended complaint on the "Secretary of State of Michigan, Driver Assessment & Appeal Division" and Terri Lynn Land (Michigan's

---

[1] The court notes that plaintiff's amended complaint contained a list of approximately 29 alleged violations of the United States Constitution, "Fundamental Human Rights Laws (1948)," and "Michigan Constitution (est. 1835)." *See* Amend. Compl. at p. 1. A common thread in his amended complaint is that he has a constitutional right to possess a driver's license. No such federal constitutional right exists. *See*, *e.g.*, *Duncan v. Cone*, No. 00-5705, 2000 WL 182089 at *2 (6th Cir. Dec. 7, 2000) ("[w]hile a fundamental right to travel exists, there is no fundamental right to drive a motor vehicle") (citing *Miller v. Reed*, 176 F.3d 1202 (9th Cir. 1999); *McGhee v. McCall*, No. 1:10-cv-333, 2010 WL 2163818 at *2 (W.D. Mich.) (April 19, 2010) ("the federal courts uniformly reject suits by plaintiffs who seek vindication of their nonexistent 'right' to operate motor vehicles without complying with state licensing laws") (listing cases). The Kent County Circuit Court also rejected this line of argument, pointing out that "there is no constitutional right to driving privileges" (citing *Miller*, 176 F.3d at 1205-1206). *See* Opinion and Order at p. 3.

Secretary of State named in the amended complaint) and directed defendants to file an answer or other responsive motion. *Id.*

Defendants responded to amended complaint by filing a combined motion to dismiss and for summary judgment. Defendants' motion is accompanied by three exhibits which reflect the disposition of plaintiff's claim by the state authorities: an order from the Michigan's Department of State, Driver Assessment and Appeal Division dated July 13, 2010, which affirmed the Department's original action revoking plaintiff's driver's license on May 12, 2001 (docket no. 40-2); plaintiff's July 19, 2010 appeal of this adverse decision to the Kent County Circuit Court (docket no. 40-4); and the Kent County Circuit Court's "Opinion and order upholding administrative determination and denying driving privileges to petitioner Charles Strickland" entered in the case of *Charles Ray Strickland v. Secretary of State*, No. 10-07499-AL (Nov. 3, 2010) (docket no. 40-3).

### III. Defendants' dispositive motion

#### A. Legal Standard

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983. Here, plaintiff § 1983 claim seeks relief for an alleged violation of the due process clause of the Fourteenth Amendment.

Defendants have filed a dispositive motion seeking either dismissal under Fed. Rules Civ. Proc. 12(b)(1), (4), (5) and (6), or summary judgment under Fed. Rules Civ. Proc. 56(c). While defendants' motion lists five separate court rules, they have not articulated any particular court rule as a basis of relief. Because defendants have submitted exhibits, the court will review the motion as one for summary judgment.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).[2]

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present

---

[2] Defendants did not submit an affidavit regarding the authenticity of their attached exhibits. However, because plaintiff did not object to the exhibits, the court will consider them in resolving this motion. "If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived." *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994). *See* Fed. Rules Civ. Proc. 56(c)(2)("[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence").

> significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the court is not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### B.  Discussion

Defendants contend that this court lacks jurisdiction to consider plaintiff's claim under the *Rooker-Feldman* doctrine. The court agrees. The *Rooker-Feldman* doctrine arose from two Supreme Court decisions interpreting U.S.C. § 1257(a), a statute which "is designed to prohibit end-runs around state court judgments that might occur when parties go into federal court essentially seeking a review of a state-court decision." *Kovacic v. Cuyahoga County Department of Children and Family Services*, 606 F.3d 301, 308 (6th Cir. 2010). Application of the *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the

source of the injury upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009) (internal quotation marks omitted). "This is true regardless of whether the party challenges the validity of the state court judgment on constitutional grounds." *Id.*

Here, plaintiff is seeking to have this court review and overturn the November 3, 2010 Order of the Kent County Circuit Court. In its order the state court affirmed the Driver's License Appeal Division's decision to deny plaintiff reinstatement of his driver's license (i.e., "[t]hus, the Court must deny Petitioner Strickland's request for reinstatement of his driving privileges"). *See* Opinion and Order at pp. 1-4 (docket no. 40-3). The "source" of plaintiff's injury is the state court order denying plaintiff's request for reinstatement of his driver's license. There is no evidence that plaintiff appealed this adverse decision to the Michigan Court of Appeals. Plaintiff's federal lawsuit appears to be an attempt to make an "end-run" around the Michigan appellate courts by seeking direct federal review of that court's order, the type of review prohibited by the *Rooker-Feldman* doctrine. *See, e.g.*, *Chih Hsin Teng v. Department of Motor Vehicles*, 265 Fed. Appx. 581 (9th Cir. 2008) (federal district court properly concluded that it lacked subject matter jurisdiction under *Rooker-Feldman* doctrine where the plaintiff's action required the district court to review and reverse state court decisions refusing to reinstate the plaintiff's driver's license). Plaintiff's allegation that either the Michigan Secretary of State or the Kent County Circuit Court violated his federal due process rights during the course of the state proceedings does not change this result. *See, e.g., Coleman v. Governor of Michigan*, 413 Fed. Appx. 866, 872 (6th Cir. 2011) (plaintiff's attempt to have federal district court review the state circuit court's application of a state statute to the plaintiff "would amount to an appellate review of the state court's decision on this

matter" in violation of the *Rooker-Feldman* doctrine; the plaintiff's proper recourse for a constitutional challenge to the state court's decision "must be the Michigan state court system and ultimately the Supreme Court of the United States"); *Bush v. Director of Meigs County Ohio, CSEA*, No. 2:08-cv-537, 2009 WL 891740 at *3 (March 30, 2009) (where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim in federal district court pursuant to § 1983).

### IV. Recommendation

For these reasons, I respectfully recommend that defendants' motion for summary judgment (docket no. 40) be **GRANTED** and that this action be dismissed.

Dated: January 27, 2012 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).