UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHASE STRICKLAND,

    Plaintiff,

v.

            CASE NO. 1:10-CV-1119

            HON. ROBERT J. JONKER

MICHIGAN SECRETARY OF STATE,
et al.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation (docket # 55). In addition to filing an Objection to the Report and Recommendation (docket # 59), Plaintiff filed a Motion to Stay Proceedings, or for Summary Judgment in Response to Defendants' Brief (docket # 61). Plaintiff's Motion raises the same arguments and issues raised in his Objection. Defendants filed a response to both filings (docket #63.) Given that Plaintiff's Motion was filed after the Report and Recommendation, the Court will consider it as a supplement to Plaintiff's Objection.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject,

>or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

**Analysis**

In his Report and Recommendation, Magistrate Judge Brenneman recommends that Defendants' Motion for Summary Judgment (docket # 40) be granted. (docket # 55, at 7.) The Magistrate Judge concludes that this Court "lacks jurisdiction to consider plaintiff's claim under *Rooker-Feldman*," because Plaintiff's requested relief against Defendants amounts to an "'end-run' around the Michigan appellate courts by seeking direct federal review of that court's order." (*Id.* at 6.) After a de novo review of the record, the Court adopts the Report and Recommendation.

The impetus of Plaintiff's current lawsuit can be traced back to 2001, when his driving privileges were revoked after he obtained two drunk-driving offenses within a six month period. (Judge Yates Op., docket # 63-3, at 2.) Over the past nine years, Plaintiff has requested and received four full hearings (in 2002, 2005, 2006, 2010) before the Driver's License Appeal Division ("DLAD"). Each time, he was denied reinstatement of his driver's license based on his repeated operation of a motor vehicle without a license, and his continued problems with alcohol abuse. (*Id.* at 2-3.) He appealed the result of the 2010 hearing to Kent County Circuit Court. (*Id.*) In a written Opinion and Order, Judge Yates denied Plaintiff's request, holding that the DLAD's decision was supported by the administrative record. (*Id.* at 5.) Notably, Plaintiff did not appeal the state court decision. Instead, Plaintiff brought this lawsuit, alleging that the State of Michigan revoked his

2

driver's license "without due process," and further argued that the State's continued refusal to restore his license amounted to an unconstitutional deprivation of his civil rights. (Am. Compl., docket # 14, at 3.)

Plaintiff objects to the Magistrate Judge's application of the *Rooker-Feldman* doctrine to Plaintiff's claims, arguing that the Court has both concurrent and original federal jurisdiction "due to the nature of the Constitutional claims." (docket # 62, at 6.) Plaintiff's argument is unpersuasive. As explained in the Report and Recommendation, the *Rooker-Feldman* doctrine "is designed to prohibit end-runs around state court judgments that might occur when parties go into federal court essentially seeking a review of a state-court decision." *Kovacic v. Cuyahoga County Dep't of Children & Family Servs.*, 606 F.3d 301, 308 (6th Cir. 2010). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment. . . . This is true regardless of whether the party challenges the validity of the state court judgment on constitutional grounds." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009) (internal quotations omitted).

Plaintiff's lawsuit before the Court is a direct attack on the state court judgment, and a clear attempt to end-run the Michigan state court appellate process. To the extent Plaintiff wanted to challenge his driver's license suspension on constitutional grounds, he needed to raise the arguments in a direct appeal of the state court judgment against him. *See id.* Plaintiff simply cannot pursue his arguments in a collateral federal lawsuit. This is the precise type of end-run *Rooker-Feldman* is designed to prevent.

Plaintiff raises numerous other objections that can only be characterized as an attempt to

collaterally challenge the state court judgment in federal court. For example, Plaintiff argues Defendants' suspension of his license was the equivalent of a bill of attainder, and that Defendants' actions violated the *ex post facto* and commerce clauses of the Constitution. (docket # 59, at 5; docket # 61, at 7-11.) In their Response, Defendants outline in detail why these various legal theories fail on the merits. (docket # 63, at 7-12.) The Court need not reach these issues, however, as *Rooker-Feldman* clearly requires abstaining from deciding such issues, though the Court expresses serious skepticism that these claims could carry the day given the facts surround Plaintiff's case.

      **IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed January 27, 2012 (docket # 55) is **ADOPTED** as the opinion of this Court, and that Defendants Motion for Summary Judgment (docket # 40) is therefore **GRANTED**.

Dated:   March 13, 2012                      /s/Robert J. Jonker
                                                                       ROBERT J. JONKER
                                                                       UNITED STATES DISTRICT JUDGE